Case 4:20-cv-01605   Document 12   Filed on 12/29/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERD KENNEDY, | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | Case No. 4:20-CV-01605 |
| SOCIAL SECURITY ADMINISTRATION, | | |
| *Defendant.* | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case involves a claim for the payment of benefits against the Social Security Administration ("SSA") but should be dismissed for lack of subject matter jurisdiction.

### I. PROCECEDURAL BACKGROUND

Plaintiff Ferd Kennedy ("Plaintiff") filed this *pro se* lawsuit against the SSA, seeking court intervention regarding "a matter of benefits." Compl., ECF No. 1. The Court considered his filing as an application to proceed *in forma pauperis* and granted it. Am. Notice, ECF No. 3. The Clerk's office classified this case as a social security appeal, involving a worker's claim for disability benefits. *Id.* Because more than a year passed since the filing of his Complaint without the SSA filing an answer, on July 1, 2021, Plaintiff filed a motion for default judgment. Mot., ECF No. 5. The

1

next day, Judge Ellison referred this matter to this Court to conduct all pretrial proceedings. Order, ECF No. 6.

On October 1, 2021, counsel for the SSA filed a notice of appearance. Not., ECF Nos. 7, 8. Given the paucity of factual allegations in the Complaint and the SSA's failure to answer or file a record, this Court set the matter for a status conference. Order, ECF No. 9. Shortly thereafter, Plaintiff filed another document, seeking the removal of his son's representative. Mot. for Removal, ECF No. 10.

During the status conference, the Court inquired into the nature of Plaintiff's claim. Plaintiff explained that he filed this suit because he was unable to access the SSA's payment of benefits for his son. Minute Entry Order for November 12, 2021. Apparently, payments were directed to an account his ex-wife controlled, but his son has been living with Plaintiff for an extended period. Thus, the Court concluded, and the parties agreed, that this is not a worker's appeal for the payment of disability benefits, but instead involved misdirected payments of benefits regarding Plaintiff's son.[1]

## II. FEDERAL COURTS HAVE LIMITED SUBJECT MATTER JURISDICTION OVER SOCIAL SECURITY APPEALS

"Federal courts are courts of limited jurisdiction." *In re Silica Prods. Liab. Litig.*, 398 F.Supp.2d 563, 644 (S.D. Tex. 2005) (quoting *Howery v. Allstate Ins.*

---

[1] The Court convened another status conference a month later to allow Defendant time to determine the status of the payments in question. Minute Entry for Proceedings on December 6, 2021.

*Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994))). A federal district court has subject matter jurisdiction over a Social Security appeal only for cases in which a plaintiff has exhausted his administrative remedies and seeks reconsideration. 42 U.S.C. § 405(g).[2]

Under the Social Security Act, any person may sue in federal court, seeking reconsideration of a denial of his or her disability benefits.[3] A plaintiff may not file suit, however, *before* the Appeals Council issues a final decision. 42 U.S.C. § 405(g); *see, e.g., Celestine*, 2015 WL 12990010, at *4 (court lacked jurisdiction over SSI appeal when plaintiff failed to show exhaustion of administrative remedies); *Session v. Astrue*, No. 3-09-CV-1564-G, 2009 WL 3458653, at *3 (N.D. Tex. Oct. 26, 2009) (court lacked subject matter jurisdiction over social security case where plaintiff filed suit before Appeals Council issued a final decision).[4] Thus, absent a final decision from the Commissioner, a district court lacks subject matter jurisdiction over an appeal from the denial of benefits. *Session*, 2009 WL 3458653,

---

[2] "The United States has consented to a limited waiver of sovereign immunity for judicial review of final decisions regarding [Social Security] benefits." *Celestine v. Colvin*, No. 4:15-002150, 2015 WL 12990010, at *4 (S.D. Tex. Dec. 3, 2015) (citing 42 U.S.C. § 405(g), (h)).

[3] Under the Social Security Act: "Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added).

[4] A claimant must first file a claim for social security benefits; then the agency issues an initial determination; the claim may request reconsideration; the Commissioner reviews the claim and issues a reconsideration determination; a dissatisfied claimant may request a hearing before an administrative law judge ("ALJ"); if the claimant objects to the ALJ's decision, the claimant may appeal to the Appeals Council; after the Appeals Council issues a final decision, the claimant can seek judicial review in federal court. *Id.* at *1.

3

at *3.

### III.  THE COURT LACKS SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction because Plaintiff does not seek reconsideration of the Commissioner's final decision denying him disability benefits under 42 U.S.C. § 405(g). Quite to the contrary, the SSA is paying benefits, not for Plaintiff's work-related disability, but for his son's disability. Plaintiff claims that the SSA is paying those benefits, but apparently not to the right party. Mot., ECF No. 10.

Plaintiff bears the burden to establish that this Court has subject matter jurisdiction. *Kokkonen,* 511 U.S. at 377 (courts to presume case is outside its jurisdiction and "the burden to establish the contrary rests upon the party asserting jurisdiction."); *Celestine*, 2015 WL 12990010, at *4 (plaintiff has the burden to show he satisfied the administrative exhaustion requirements for his social security appeal). He has made no such showing and has stated that this matter does not involve an appeal of the denial of disability benefits. Although neither party moves for dismissal, federal courts are "duty bound to examine the basis of subject matter jurisdiction *sua sponte*." *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Therefore, based on the record, this Court is without subject matter jurisdiction and Plaintiff's case should be dismissed. *Celestine*, 2015 WL 12990010, at *4.

## CONCLUSION

The Court recommends that this case be summarily DISMISSED for lack of subject matter jurisdiction.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed at Houston, Texas, on December 29, 2021.

*Dena Palermo*
_____
**Dena Hanovice Palermo
United States Magistrate Judge**